UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE MONTES and SAM MONTES,<br><br>Plaintiffs,<br><br>v.<br><br>ZHANJIANG HALLSMART ELECTRICAL APPLIANCE CO., Ltd; W.P. APPLIANCES INC.; W.P. PRODUCTIONS, INC; HSN, INC., and DOES 1 to 100, inclusive,<br><br>Defendants. | No.  2:14-cv-01582-TLN-EFB<br><br>**ORDER GRANTING DEFENDANT W.P. PRODUCTIONS, INC.'S AND W.P. APPLIANCES, INC.'S MOTIONS TO DISMISS[1]** |

This matter is before the Court pursuant to Defendant W.P. Productions, Inc.'s Motion to Dismiss (ECF No. 11), as well as Defendant W.P. Appliances, Inc.'s Motion to Dismiss (ECF No. 13.)  Plaintiffs Debbie Montes and Sam Montes ("Plaintiffs") filed oppositions to both motions.  (ECF No. 14–15.)  The Court has reviewed and considered the arguments raised in Defendants' Motions to Dismiss and reply, along with Plaintiffs' opposition.  The Court hereby GRANTS Defendants' Motions to Dismiss Plaintiffs' punitive damages claims.

I. FACTUAL AND PROCEDURAL BACKGROUND

On or about March 17, 2012, Plaintiff Debbie Montes ("Plaintiff") purchased a Wolfgang

---

[1] The Court addresses both W.P. Productions, Inc.'s and W.P. Appliances, Inc.'s Motions to Dismiss in this same order.  Both call for the Court to dismiss the Plaintiffs' punitive damages claims.  The Court considers both motions to relate to the same issue and thus resolves both at this time.

1

Puck 7 Quart 4-in-1 Pressure Cooker, Model No. BPCRM040 ("Pressure Cooker") from the Home Shopping Network, Inc. (Complaint, ECF No. 1 at ¶11.) She made her purchase from her telephone in Yuba County, California. (ECF No. 1 at ¶11.) Defendants designed, manufactured, assembled, marketed and placed the Pressure Cooker into the stream of commerce. (ECF No. 1 at ¶12.) The Pressure Cooker was delivered to Plaintiff's residence in Yuba County in March 2012. (ECF No. 1 at ¶13.)

The Pressure Cooker is an electric kitchen appliance designed to be used for the preparation of food. (ECF No. 1 at ¶14.) It is designed to prepare meals by boiling liquids inside a sealed pot that produces steam; this steam is trapped inside the pot to create pressure. (ECF No. 1 at ¶14.)

In the Complaint, Plaintiff claims that she began using the Pressure Cooker and reasonably relied on representations made by the Defendants that the product was safe, functional, and that it would not open while under pressure. (ECF No. 1 at ¶15.) On July 5, 2012, at approximately 4:30 p.m., while in her residence, Plaintiff was preparing chicken for her family's dinner. (ECF No. 1 at ¶16.) At this time, she placed chicken parts in the pot, added water to the marked limit line inside the pot, secured the lid, and set the timer. (ECF No. 1 at ¶16.) The timer later beeped to indicate the end of the cycle. (ECF No. 1 at ¶16.) Plaintiff then turned the Pressure Cooker to the "Off" position, placed the steam release dial in the "vent" position, and unplugged the Pressure Cooker. (ECF No. 1 at ¶16.) Approximately fifteen minutes later, Plaintiff opened the Pressure Cooker lid and the contents of the Pressure Cooker immediately exploded upward and outward. (ECF No. 1 at ¶17.) Plaintiff contends that super-heated liquid and steam spewed up from the Pressure Cooker, sending boiling juices onto the front of Plaintiff's body. (ECF No. 1 at ¶17.) The boiling juices allegedly landed on Plaintiff's bare skin and clothing, causing severe burn injuries to her neck, chest, breasts, and arms. (ECF No. 1 at ¶17.) Plaintiff was immediately taken to the local emergency room where she was treated for her burn injuries. (ECF No. 1 at ¶17.)

On July 3, 2014, Plaintiffs filed a Complaint for Damages alleging strict product liability, negligence, breach of warranty, loss of consortium and joint enterprise. (ECF No. 1.) On

August 22, 2014, Defendant W.P. Productions filed a Motion to Dismiss for failure to state a claim for punitive damages. (ECF No. 11.) On August 25, 2014, Defendant W.P. Appliances, Inc. also filed a Motion to Dismiss the punitive damage claims. (ECF No. 13.)

## II.     STANDARD OF LAW: MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

III.   ANALYSIS

In order to obtain punitive damages, a plaintiff must meet the requirements of California

Civil Code § 3294 and show "that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. As used in section 3294, the following definitions apply:

> (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
> (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294. Case law further provides that "punitive damages should not be allowable upon evidence that is merely consistent with the hypothesis of malice, fraud, gross negligence or oppressiveness. Rather some evidence should be required that is inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, over-zealousness, mere negligence or other such noniniquitous human failing." *Tomaselli v. Transamerica Ins. Co*., 25 Cal. App. 4th 1269, 1288, n.14 (1994).

Defendants move to dismiss the punitive damages claim pursuant to Federal Rules of Civil Procedure 12(b)(6) arguing that Plaintiffs have failed to meet their burden of pleading the claims for punitive damages with sufficient factual specificity and that the entire Complaint merely consists of general, broadly stated allegations. (ECF No. 11 at 4.) Defendants argue that Plaintiffs do not allege any actual facts in the Complaint to support allegations that Defendants were guilty of "oppression, fraud or malice" but instead just simply state that Defendants were guilty of "malice, oppression, and fraud." (ECF No. 11 at 5.) Once again, Rule 8(a) requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In Plaintiffs' Opposition to the Motion to Dismiss, Plaintiffs respond by claiming that they pled enough facts to form a sufficient factual basis to support a finding that the Defendants are guilty of oppression, fraud, and/or malice. (ECF No. 14 at 3.) The Court disagrees.

A complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiffs provide notice of the claims, but do not specify on what grounds or evidence the claims lie. Plaintiffs claim that "Defendants intentionally placed into the stream of commerce a product capable of great harm (super-heated liquid under pressure) which they knew was defective." (ECF No. 14 at 3.) However, Plaintiffs do not provide any factual basis to show that Defendant knew the product was defective. Plaintiffs simply state in the Complaint that "Plaintiff DEBBIE MONTES is informed and believes and thereon alleges that defendants knew that its Wolfgang Puck 7 Quart 4-in-1 Pressure Cookers were defective and dangerous." (ECF No 1 at ¶27.)

Plaintiffs do make the allegation that Defendants failed to inspect for defects (ECF No. 1 at ¶21), however this does not support the inference that the Defendants must have known of the defect or the risk of injury at the time of manufacturing. The mere carelessness or ignorance of a defendant does not justify the imposition of punitive damages. *Food Pro Int'l, Inc. v. Farmers Ins. Exch.,* 169 Cal. App. 4th 976, 994 (2008). Therefore, even if it were found to be true that Defendants failed to inspect for defects, this would not suffice to show that Defendants were guilty of oppression, fraud or malice.

## IV. CONCLUSION

Plaintiffs have not met the requirements needed to obtain punitive damages pursuant to California Civil Code § 3294. Plaintiffs failed to provide factual content that would allow the Court to draw the reasonable inference that Defendants are liable for punitive damages. For these reasons the Court hereby GRANTS Defendants' Motions to Dismiss (ECF No. 11, 13.) Plaintiffs' punitive damages claim is dismissed with leave to amend. Plaintiffs must submit any amendments within 30 days of entry of this order.

IT IS SO ORDERED.

Dated: January 20, 2015

Troy L. Nunley
United States District Judge

6