David A. Clinton, Esq. (Bar No. 150107)
Dana Ulise, Esq. (Bar No. 227745)
Amy Ifurung, Esq. (Bar No. 292113)
**CLINTON & CLINTON**
100 Oceangate, 14th Floor
Long Beach, California  90802
Ph.: (562) 216-5000
Fax: (562) 216-5001

Attorneys for Defendants,
**W.P. APPLIANCES, INC. and ZHANJIANG HALLSMART ELECTRICAL APPLIANCE CO., LTD**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBBIE MONTES AND SAM MONTES,** ) | CASE NO. 2:14-cv-01582-TLN-EFB |
| ) | |
| Plaintiff, ) | |
| ) | **STIPULATED PROTECTIVE ORDER** |
| v. ) | |
| ) | |
| **ZHANJIANG HALLSMART ELECTRICAL APPLIANCE CO., LTD; W.P. APPLIANCES, INC.; W.P. PRODUCTIONS, INC.; HSN, INC.; WOLFGANG PUCK WORLDWIDE, INC., and DOES 1 to 100, inclusive,** ) | |
| ) | Date Filed:  July 3, 2014 |
| ) | Trial Date:  December 5, 2016 |
| ) | |
| Defendants. ) | |

    The parties, through their respective counsel of record, stipulate to the following:

    1.    All documents, materials, and information produced by Defendants,

1  W.P. APPLIANCES, INC. and ZHANJIANG HALLSMART ELECTRICAL
2  APPLIANCE CO., LTD ("Defendants") that do not constitute trade secret,
3  confidential, competitively sensitive, or proprietary information are not the subject
4  of this Stipulated Protective Order Regarding Production of Confidential
5  Documents ("Stipulated Protective Order").

6       2.    Information that constitutes trade secret, confidential, competitively
7  sensitive, or proprietary information shall be given a control number and stamped
8  with "Confidential", "Protected by Court Order", or other words to that effect. The
9  stamp shall be placed on each document so as to not interfere with the print or type
10  face of the document.

11       3.    All documents, materials, and information produced herein by
12  Defendants and designated as confidential shall be securely maintained and kept
13  confidential in accordance with the terms of this Stipulated Protective Order.

14       4.    At any time prior to the final judgment in this case, should any party
15  dispute the designation of any documents, materials, or information as confidential,
16  the party may apply to the Court for an Order relieving it of the terms of the
17  Stipulated Protective Order upon a finding by the Court that the document,
18  material, or information does not qualify as a trade secret or confidential,
19  competitively sensitive and/or proprietary information. The burden of establishing
20  confidentiality rests with Defendants.  This provision is not intended to discourage
21  the parties from meeting and conferring regarding the designation of documents.

22       5.    All transcripts, depositions, exhibits, or other pleadings or filings in
23  this action that contain or otherwise set forth documents, information, or other
24  materials, or the contents thereof, which have been previously designated by
25  Defendants as confidential, shall likewise be subject to the terms of this Stipulated
26  Protective Order. ~~All transcripts, depositions, exhibits, pleadings, or other such~~
27  ~~documents or materials containing confidential information, which are filed with~~
28  ~~this Court, shall be filed in sealed envelopes or other sealed containers that shall~~

1  ~~bear the caption of this action, an indication of the nature of the contents of the~~
2  ~~sealed envelope or containers, the words "CONFIDENTIAL SUBJECT TO~~
3  ~~STIPULATED PROTECTIVE ORDER", and a statement stating that the envelope~~
4  ~~or container is not to be opened, nor the contents thereof to be displayed or~~
5  ~~revealed, except by express Order of the Court.~~  This stipulation and protective
6  order does not entitle the parties to file confidential information under seal.  Local
7  Rule 141 sets forth the procedures that must be followed and the standards that will
8  be applied when a party seeks permission from the court to file material under seal.

9       6.    Within the confines of this litigation, all parties subject to this
10 Stipulated Protective Order are free to share the information contained in the
11 confidential documents, materials or information with attorneys or office personnel
12 who are working on this case or technical consultants and/or experts who are
13 assisting that party's counsel in the prosecution or defense of this case.  Counsel
14 may also provide a summary of said documents to their insurer for purposes of
15 assisting in the insurers' evaluation of the case.  Any party may bring a motion to
16 allow documents to be viewed by representative of that party's insurer if needed by
17 the insurer for evaluation of the claim for purposes of either defense or settlement.

18      7.    Counsel for all parties further agree that anyone working in their
19 offices on this case will be familiarized with the terms of this Stipulated Protective
20 Order and be instructed that they are bound by the Stipulated Protective Order.

21      8.    Within the confines of this litigation, if the confidential documents,
22 materials, and/or information are to be disclosed to technical consultants and/or
23 experts to assist in the preparation of this matter for trial, the party's counsel
24 making such disclosure shall first present the technical consultant(s) and/or
25 expert(s) with a copy of the Stipulated Protective Order. After the technical
26 consultant(s) and/or expert(s) has read the Stipulated Protective Order and agreed
27 to be bound by its terms, the disclosing party's counsel shall obtain the written
28 agreement of the technical consultant(s) and/or expert(s) to be bound by the terms

of the Stipulated Protective Order in the form attached as **Exhibit "A"**. Agreements signed by designated experts shall be provided to counsel for Defendants when the expert is designated. Agreements signed by non-designated experts shall be provided to counsel for Defendant within thirty (30) days of termination of the case whether by settlement, verdict or dismissal.

9. The attorneys for all parties subject to this Stipulated Protective Order shall maintain a list of the names of all persons identified in paragraphs 6, 7, and 8 to whom the confidential documents, materials and/or information is disclosed until such time as all confidential documents, materials and/or information covered by this Stipulated Protective Order are returned to counsel for Defendants. Any person who reviews the confidential documents, materials and/or information produced subject to this Stipulated Protective Order agrees to the jurisdiction of the United States District Court for the Northern District of California over their person for the purposes of any action seeking to enforce the terms and conditions of this Stipulated Protective Order or any action for contempt for violation of the terms of this Stipulated Protective Order.

10. No party to this Stipulated Protective Order or their counsel, technical consultants, and/or experts shall advertise or otherwise publish that they have the confidential information obtained from Defendant through discovery in this case whether described specifically or generally.

11. No party to this Stipulated Protective Order or their counsel, technical consultants, and/or experts shall sell, offer, advertise, publicize, or provide under any condition, the confidential documents, materials, or information provided by Defendants to any competitor of Defendants or others who might exploit the confidential documents, materials, or information for economic gain.

12. Any notes, lists, memoranda, indices or compilation prepared based wholly or in part upon examination of the confidential documents, materials, and/or information being produced pursuant to this Stipulated Protective Order

shall not be disseminated to anyone not authorized to examine them. A person authorized to examine the confidential documents, materials, and/or information produced may provide notes, lists, memoranda, indices or compilation upon the terms and conditions as set forth in this document.

13. At the conclusion of this litigation, the confidential documents, materials, and/or information (including all copies) produced pursuant to this Stipulated Protective Order shall be returned to counsel for Defendants and all digital copies of confidential documents, materials, and/or information shall be deleted or destroyed. All recipients of confidential documents, materials, and/or information produced pursuant to this Stipulated Protective Order shall sign an affidavit in the form attached as **Exhibit "B"**, attesting that all confidential documents, materials, and/or information have been returned as required by this Stipulated Protective Order.

14. This Stipulated Protective Order shall be binding upon the signing parties, their attorneys, and upon the parties and their attorneys' successors, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED:

DATED: November 23, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

/ / /
/ / /
/ / /
/ / /
/ / /

1  The undersigned counsel of record stipulate that the Court should enter the
2 above Protective Order as an order of the Court.

4  DATED: November 23, 2015         **PENNEY & ASSOCIATES**

                                    By: Signature on original
                                    ─────────────────────────
                                    STEWART P. GALBRAITH, ESQ.
                                    Attorneys for Plaintiffs,
                                    **DEBBIE MONTES and SAM MONTES**


                                    **LAW OFFICES OF DENNIS P. ISAAC**

13 DATED: November 23, 2015

                                    By: Signature on original
                                    ─────────────────────────
                                    DENNIS ALAN BABBITS, ESQ.
                                    Attorneys for Defendant,
                                    **W.P. Productions, Inc. and HSN, Inc.**


21 DATED: November 23, 2015         CLINTON & CLINTON

                                    By: Signature on original
                                    ─────────────────────────
                                    DAVID A. CLINTON, ESQ.
                                    DANA M. ULISE, ESQ.
                                    Attorneys for Defendants,
                                    **W.P. APPLIANCES, INC. and ZHANJIANG HALLSMART ELECTRICAL APPLIANCE CO., LTD**